## GALVESTON TERM, 1889.

J. B. CAMPBELL v. E. B. WALLACE.

(No. 2567.)

APPEAL from Washington County.   Opinion by WILL-SON, J.

C. R. BREEDLOVE, counsel for appellant.

SEARCY & GARRETT and BRYAN & CAMPBELL, counsel for appellee.

§ 433. *Surviving partner may sue as such, without joining representatives of deceased partner.* It is well settled that a surviving partner of a firm may, as such, maintain a suit to recover a debt due the firm, without joining in such suit the heirs or legal representatives of the deceased partner. [Fulton v. Thompson, 18 Tex. 278; Watson v. Miller, 55 Tex. 290; 1 App. C. C. §§ 690, 691, 692.]

§ 434. *Article 2248, Revised Statutes, does not disqualify a party from testifying as to transactions, etc., with a deceased partner, when; case stated.* This suit was brought by appellee as surviving partner of the firm of J. H. & E. B. Wallace to recover of appellant a debt due said firm. The legal representatives of the deceased partner were not made parties to the suit. Appellant pleaded a payment of a portion of said debt to the deceased partner during his life-time, and on the trial offered to testify to such payment. Upon objection by appellant that said testimony was inhibited by article 2248 of the Revised Statutes, the same was rejected, and judgment was rendered for appellee for the amount sued for, $797.79, and costs. *Held:* It was error to exclude the testimony offered to prove the payment. In Roberts

v. Yarboro, 41 Tex. 449, it is held that said article 2248 did not disqualify a party from testifying to declarations made by a deceased partner in a suit against a firm in which the representative of such deceased partner was not a party. That decision, in effect, is that said article does not apply in the case of a deceased partner where the representative of such a deceased partner is not a party to the suit. It is true that, since the rendition of that decision, said article has been amended by adding thereto the provision that it shall "extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Counsel for appellee contend that the words "legal representative" should be construed to include a surviving partner. We have found no definition of said term which would warrant such construction, nor does the commonly understood meaning of the term warrant such interpretation. In law, and as commonly understood and used, the term includes an executor or administrator of the decedent, or sometimes his heirs or next of kin. [Bouvier's Law Dic., titles Personal Representative, Representative.] It might also include the devisees or legatees of the decedent.

January 16, 1889.          Reversed and remanded.